LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND [27]

## I.   INTRODUCTION

Pending before the Court is Plaintiff Timothy David Schreiner's Motion to Remand.  (Dkt. No. 27.)  After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Plaintiff's motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Timothy David Schreiner ("Plaintiff") is a fifty-two year-old Caucasian male residing in California.  (First Am. Compl. ("FAC") ¶¶ 1, 13.)  Plaintiff worked for Defendant Lockheed Martin Corporation[1] ("Lockheed") for twenty-five years.  (FAC ¶ 13.)  Lockheed is a Maryland citizen.[2]  (Removal ¶ 12.)

---

[1] Like the Complaint, the FAC also names Lockheed Martin and Lockheed Martin Santa Barbara Focalplane as defendants in this matter.  According to the notice of removal, there are no separately incorporated business entities with an independent legal existence that operate under these names. (Notice of Removal ("Removal") ¶ 13.)

[2] A corporation is a citizen of each state in which it is incorporated and has a principal place of business. *See* 28 U.S.C. § 1332(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | |

On March 21, 2013, Lockheed terminated Plaintiff for violating company policy. (FAC ¶ 42.)  Following his termination, Plaintiff initiated this lawsuit against Lockheed and two individuals who worked for the corporation.  Plaintiff alleges that his termination was pretextual and that all defendants violated his rights under California law.

The first individual defendant is Jeffery Kindred ("Kindred").  Kindred worked as one of Lockheed's human resources managers and served as Plaintiff's supervisor.  (*Id.* ¶¶ 6, 17.)  Kindred is a Colorado citizen.  (Removal ¶ 9.)  The second individual defendant is Kenen Nelson ("Nelson").  Nelson worked as Lockheed's general manager. (FAC ¶ 5.)  Plaintiff alleges Nelson also served as his supervisor.  (*Id.*)  Like Plaintiff, Nelson is a California citizen.  (*Id.*)

Plaintiff initiated this action in the Superior Court of California, County of Los Angeles on March 12, 2014.  (*See* Removal Ex. A.)  The Complaint alleged twenty-one state law claims.[3]  On April 14, 2014, Lockheed removed the matter to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. No. 1.)  Lockheed's removal papers argued that Plaintiff named Nelson as a "sham" defendant and that his citizenship must be disregarded for purposes of evaluating diversity jurisdiction. (Removal ¶¶ 16–35.)  Lockheed also moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Dkt. No. 9.)  Plaintiff moved to remand the case back to state court.  (Dkt. No.12.)

After a hearing on the Rule 12(b)(6) and remand motions, the Court granted Lockheed's motion to dismiss in its entirety with leave to amend as to twenty of

---

[3] These claims included the following: (1) age discrimination; (2) age-based harassment; (3) retaliation for complaining of age discrimination; (4) gender discrimination; (5) gender-based harassment; (6) retaliation for complaining of gender discrimination; (7) race discrimination; (8) race-based harassment; (9) retaliation for complaining of race discrimination; (10) wrongful termination in violation of public policy; (11) violation of the right to associate; (12) violation of California Labor Code section 432; (13) failure to promote; (14) intentional infliction of emotional distress; (15) wrongful termination in violation of public policy; (16) breach of an implied-in-fact contract not to terminate without good cause; (17) defamation; (18) compelled self-defamation; (19) violation of California Labor Code section 230; (20) retaliation for taking jury duty leave; and (21) violation of California Labor Code section 1102.5.  (*See generally* Compl.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | | |

Plaintiff's claims.[4]  (Dkt. No. 19 at 22.)  The Court denied Plaintiff's motion to remand, finding that Nelson, the only non-diverse defendant in this matter, was fraudulently joined and that Lockheed had shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of costs and interest.  (*Id.* at 6–11.)

Plaintiff filed the FAC on June 24, 2014.  (Dkt. No. 20.)  Plaintiff served Lockheed through its counsel of record.  (*Id.* at 30.)  Lockheed contends Plaintiff never served Defendants Kindred or Nelson.  (*See* Opp'n to Mot. to Remand ("Opp'n") at 2, 7.) Lockheed requests that the Court dismiss these unserved defendants under Federal Rule of Civil Procedure 4(m).  (*Id.* at 2, 19.)

On October 20, 2014, Plaintiff filed the instant Motion to Remand.  (Dkt. No. 27.) Plaintiff asserts the FAC's new allegations are sufficient to show that Nelson is not a "sham" defendant and that, accordingly, complete diversity is lacking.  Lockheed timely opposed the motion.  (Dkt. No. 31).  Plaintiff did not reply.

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  They possess original jurisdiction only as authorized by the Constitution and federal statute.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Original jurisdiction may be established pursuant to 28 U.S.C. § 1332.  Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states."  *Id.* § 1332(a)(1).  The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court.  28 U.S.C. § 1441(a). This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.  If a matter is removable solely on the basis of

---

[4] The Court dismissed Plaintiff's twelfth claim for violation of Labor Code section 432 with prejudice.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–02847 BRO (SSx)** | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | **TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL.** | | | |

diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state.  *Id.* § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants.  A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  It exists (and the non-diverse defendant is ignored for purposes of determining diversity of the parties) if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.2d 564, 566 (9th Cir. 1998).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The removing party therefore bears a heavy burden to rebut the presumption against removal.  *See id.*  Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined.  *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV.    DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff contends Lockheed has failed to satisfy its heavy burden of showing that this matter was properly removed.  Specifically, Plaintiff argues the FAC alleges sufficient facts to state a claim against Nelson such that Nelson is not a "sham" defendant and complete diversity is lacking.  (Mot. to Remand at 10–14.)  Lockheed asserts Plaintiff has mischaracterized the FAC and that Plaintiff's failure to state a claim is still obvious despite the new allegations.  (Opp'n at 9–19.)

To defeat Plaintiff's Motion to Remand, Lockheed bears the burden of demonstrating that Nelson has been improperly named as a defendant in this matter.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | | |

*Gaus*, 980 F.2d at 566.  "There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent."  *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1199 (E.D. Cal. 2012); *accord Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[D]efendants who assert fraudulent joinder carry a heavy burden of persuasion.").  To avoid remand, Lockheed must therefore establish that Plaintiff has failed to state a claim against Nelson based on well-settled California law.  *McCabe*, 811 F.2d at 1339.  Plaintiff, on the other hand, can establish that removal was improper merely by demonstrating that "there is any possibility that [he] will be able to establish liability against the party in question."  *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000).

The FAC alleges three claims against Nelson, including gender and race-based harassment,[5] as well as a claim for intentional infliction of emotion distress.  (FAC ¶¶ 53–58, ¶¶ 71–76, ¶¶ 108–113.)  For the following reasons, the Court finds there is no possibility that Plaintiff can establish Nelson's liability under the facts alleged in the FAC.  Diversity jurisdiction is therefore proper, and remand is inappropriate at this time.

1. **Plaintiff's Failure to State a Harassment Claim Against Nelson is Still Obvious Under the Facts Alleged in the FAC**

California's Fair Employment and Housing Act ("FEHA") prohibits workplace harassment on various bases, including gender and race.  Cal. Gov. Code § 12940(j)(1).  The statute imposes liability on the employer as well as any employee who perpetrates workplace harassment.  *Id.* § 12940(j)(3).  To state a claim for gender or race-based harassment, Plaintiff must plead the following four elements: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected class; and (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment.  *See Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010) (discussing elements of a race-based harassment claim under FEHA). The fourth

---

[5] The two harassment claims are similar.  Accordingly, the Court will address these allegations together in considering whether Plaintiff obviously fails to state a claim against Nelson for either type of harassment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | |

element requires Plaintiff to show that Nelson's conduct "would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee." *Id.* at 877.  To be actionable as harassment, the conduct must be sufficiently severe or pervasive to alter the workplace. "[O]ccasional, isolated, sporadic, or trivial" conduct is insufficient; harassment must be of a "repeated, routine, or generalized nature." *Id.* (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (Cal. 1999)) (internal quotation marks omitted).

"[H]arassment consists of a type of conduct not necessary for performance of a supervisory job." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (Cal. Ct. App. 1996).  "[C]ommonly necessary personnel management actions" such as hiring and firing, work assignments, and performance evaluations do not amount to harassment. *Id.* at 64–65.  Harassment requires "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* at 63.

In considering Plaintiff's previous motion to remand, the Court found that the Complaint "entirely failed to plead facts that could possibly state a claim against Nelson for harassment on the basis of age,[6] gender, or race." (Dkt. No. 19 at 8.)  After reviewing the FAC, the Court finds it has not cured the Complaint's deficiencies.  Most of the FAC's allegations are identical to those pled in the Complaint. (*Compare* Compl. ¶¶ 26, 28, 33, 38, *with* FAC ¶¶ 32, 34, 38, 42.)  The Court previously found that these allegations "occurred in the course of [Nelson's] supervisory role" and accordingly failed to plead actionable acts of harassment. (Dkt. No. 19 at 9.)[7]  As the Court stated in its

---

[6] The FAC does not allege a claim for age-based harassment against Nelson or any other defendant. Accordingly, the Court considers whether Plaintiff obviously fails to state a claim for harassment on the bases of gender or race only.

[7] For example, Plaintiff again alleges that Nelson "verbally attacked and harassed [him]" after a conflict of interest meeting held because of Plaintiff's relationship with Diana Lucio ("Lucio"), a fellow Lockheed employee and Plaintiff's fiancé. (*Id.* ¶ 32.)  Nelson apparently told Plaintiff that he "had 'failed' and that he was 'a failure' in front of Plaintiff's staff and other employees." (*Id.*)  In a meeting the following day, Nelson "angrily [told] Plaintiff that, 'I do not trust you, you have zero credibility with me, and I do not want you on my staff.'" (*Id.* ¶ 34.)  He also told Plaintiff "that he should have been 'hyper-sensitive' to perceived conflicts of interest." (*Id.*)  When Lockheed terminated Plaintiff, Nelson was present and allegedly "added, with a smile, that the discharge was effective 'right now.'" (*Id.* ¶ 42.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | | |

previous order, Nelson's alleged criticisms of Plaintiff's performance issues and participation in Plaintiff's termination proceedings are all conduct clearly within Nelson's supervisory role. As such, these allegations cannot form the basis of a viable harassment claim. *See Janken*, 46 Cal. App. 4th at 63.

The FAC alleges only two new allegations against Nelson. (*See generally* FAC.) The first new allegation asserts Plaintiff frequently complained to Nelson about what he perceived to be other managers' biased treatment towards Lucio because of her race and gender. (FAC ¶ 23.) But this allegation also concerns conduct squarely within Nelson's role as a supervisor; whether or not Nelson acted on Plaintiff's complaints involves a pure personnel management decision. Accordingly, this new allegation does not support a harassment claim. *See Janken*, 46 Cal. App. 4th at 63.

The FAC also asserts Nelson falsely claimed other employees had complained about Plaintiff as being difficult to work with, presumably to help orchestrate Plaintiff's termination. Specifically, the FAC alleges that in a meeting involving the conflict of interest issues stemming from Plaintiff's relationship with Lucio, Nelson "falsely claimed that Plaintiff's peers complained that he was 'hard to work with.'" (FAC ¶ 33.) The Complaint previously alleged that an individual named John Johnson (another Lockheed employee with an apparent supervisory role but not a party to this case) made these false allegations about employee complaints. (Compl. ¶ 27.) Plaintiff also alleges that when he asked Nelson which employees had complained about him, "Nelson did not answer." (FAC ¶ 34.)

This new allegation could show Nelson's conduct went "outside the scope of necessary job performance," as Nelson has no legitimate supervisory interest in fabricating employee complaints about Plaintiff's work demeanor or habits. But the FAC does not allege any facts suggesting Nelson engaged in this conduct because of Plaintiff's gender or race. This is fatal to Plaintiff's FEHA claims for gender and race-based harassment. *See Thompson*, 186 Cal. App. 4th at 876. Plaintiff's failure to state a claim for workplace harassment is therefore "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–02847 BRO (SSx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | | |

### 2. Plaintiff's Failure to State a Claim for Intentional Infliction of Emotional Distress Against Nelson is Still Obvious Under the Facts Alleged in the FAC

To state a claim for intentional infliction of emotional distress against Nelson under California law, Plaintiff must allege facts demonstrating all three of the following: (1) Nelson engaged in extreme and outrageous conduct with the intent to cause (or reckless disregard for the probability of causing) severe emotional distress; (2) Plaintiff suffered extreme or severe emotional distress; and (3) Nelson's outrageous conduct was the actual and proximate cause of Plaintiff's distress. *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (Cal. 1991). To be "outrageous," Nelson's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (quoting *Davidson v. City of Westminster*, 32 Cal. 3d197, 209 (Cal. 1982)) (internal quotation marks omitted). Nelson must also have engaged in outrageous conduct "with the realization that injury will result." *Id.* (quoting *Davidson*, 32 Cal. 3d at 210) (internal quotation marks omitted).

The Court previously found the allegations that Nelson called Plaintiff a failure, told him he was untrustworthy, and smiled at Plaintiff's termination insufficient to show severe or outrageous conduct. (Dkt. No. 19 at 10.) The Court concluded that based on these allegations, "Plaintiff could not possibly prevail on a claim for intentional infliction of emotional distress against Nelson and has no reasonable ground for supposing he could." (*Id.*)

As discussed above, the FAC includes only two new allegations involving Nelson. The first—that Plaintiff frequently complained to Nelson about Lucia's alleged mistreatment (FAC ¶ 23)—does not amount to extreme or outrageous conduct under well-settled California law. *See Schneider v. TRW Inc.*, 938 F.2d 986, 992–93 (9th Cir. 1991) (holding as a matter of law that the plaintiff failed to show outrageous conduct where a supervisor "screamed and yelled in the process of criticizing [the plaintiff's] performance, threatened to throw her out of the department and made gestures [the plaintiff] interpreted as threatening"). The second new allegation asserts Nelson falsely stated that other employees had complained about Plaintiff's work demeanor. (*See* FAC ¶¶ 33, 34.) Plaintiff argues that workplace harassment may amount to extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–02847 BRO (SSx) | Date | November 20, 2014 |
|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | |

distress.  (Mot. to Remand at 13.)  But as discussed above, the FAC does not allege any facts indicating Nelson made the false statements because of an improper motivation based on Plaintiff's gender or race.  Nelson's alleged misconduct is accordingly not harassment.  Moreover, the FAC does not plead any facts indicating Nelson made the alleged false statements with the intent to cause emotional distress.  The absence of such facts is fatal to Plaintiff's claim.  *See Christensen*, 54 Cal. 3d at 903.

Thus, like the Complaint, the FAC does not allege facts establishing the first element of a claim for intentional infliction of emotional distress.  Plaintiff's failure to state a claim against Nelson is therefore still obvious according to settled principles of California law.  *See Kobos v. Schwan's Home Serv., Inc.*, No. 1:09CV0856 LJO DLB, 2009 WL 2425399, at *4 (E.D. Cal. Aug. 7, 2009) (finding the plaintiff fraudulently joined the defendant and denying a motion to remand where the complaint alleged the defendant took items off the plaintiff's truck and later blamed the plaintiff because they were missing).  Because Lockheed has satisfied its burden of showing that Nelson is a "sham" defendant, the Court must not consider Nelson's citizenship for diversity jurisdiction purposes.  *See Hunter*, 582 F.3d at 1043.  Lockheed has therefore satisfied its burden of showing that this matter was properly removed.

### B.  Lockheed's Request to Dismiss Defendants Nelson and Kindred Under Federal Rule of Civil Procedure 4(m)

Federal Rule of Civil Procedure 4 governs summons and service of process.  Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The Ninth Circuit has explained that Rule 4(m) "provides two avenues for relief."  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  The first avenue is mandatory.  Upon a showing of good cause, a district court must extend the time for service.  *Id.*  Good cause requires, at a minimum, a showing of excusable neglect, and may require a showing of the following factors: (1) the non-served defendant has actual notice of the lawsuit; (2) the extension of time will not cause the defendant to suffer prejudice; and (3) the plaintiff will suffer severe prejudice if the complaint is dismissed.  *Id.* n.3 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).  The second avenue is discretionary.  If the plaintiff fails to establish good cause,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–02847 BRO (SSx) | | Date | November 20, 2014 |
|---|---|---|---|---|
| Title | TIMOTHY DAVID SCHREINER V. LOCKHEED MARTIN CORPORATION, ET AL. | | | |

a district court may nevertheless extend the time for service so long as the plaintiff demonstrates excusable neglect. *Id.*

Plaintiff filed the FAC on June 24, 2014. (Dkt. No. 20.) Lockheed maintains Plaintiff has not served Nelson or Kindred and accordingly requests the Court dismiss these defendants under Rule 4(m). (*See* Opp'n at 6–7.) The proof of service attached to the FAC indicates Plaintiff has only served Lockheed's counsel, who has not appeared on either Nelson or Kindred's behalf. (*See* Dkt. No. 20 at 30.) Because over 120 days have passed since Plaintiff filed the FAC, his failure to serve either Nelson or Kindred may justify their dismissal from this matter without prejudice.

Plaintiff has not responded to Lockheed's request to dismiss Nelson and Kindred. As a result, the Court has no basis for determining whether Plaintiff's failure to serve these defendants resulted from good cause or excusable neglect. Accordingly, the Court **ORDERS Plaintiff to show cause** as to why Defendants Nelson and Kindred should not be dismissed for Plaintiff's failure to serve them in accordance with Rule 4. Plaintiff's response to this Order shall include the reasons for his failure to serve these defendants. Failure to respond to this Order may result in the dismissal of Defendants Nelson and Kindred without prejudice. *See* C.D. Cal. L.R. 7-12.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. Lockheed's request to dismiss Nelson and Kindred under Rule 4(m) is also **DENIED** because the request is premature. Plaintiff is **ORDERED to show cause** as to why Defendants Nelson and Kindred should not be dismissed. Plaintiff's response to this Order shall include the reasons for his failure to serve these defendants and shall be filed **no later than Wednesday, November 26, at 12:00 p.m.**

**The hearing set for November 24, 2014 at 1:30 pm is VACATED.**